1 | STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
2 | MARCOS D. SASSO (State Bar No. 228905)
2029 Century Park East, Suite 1600
3 | Los Angeles, California  90067-3086
Telephone: 310-556-5800
4 | Facsimile: 310-556-5959

5

6 | Attorneys for Defendants
  CITIBANK (SOUTH DAKOTA), N.A.
7 | and HOME DEPOT, U.S.A. INC.

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 YONIS YAQUB, an Individual, ) | **Case No. CV11-02190-RZ** |
| 12           Plaintiff, ) | **Assigned to the Hon. Ralph Zarefsky** |
| 13      vs. ) | **NOTICE OF MOTION AND MOTION OF DEFENDANT** |
| 14 ) | **CITIBANK (SOUTH DAKOTA), N.A. AND HOME DEPOT, U.S.A. INC. TO** |
| 15 EXPERIAN INFORMATION SOLUTIONS, INC.; is a business entity, ) | **COMPEL ARBITRATION AND** |
| form unknown; ALLGATE ) | **STAY ACTION; MEMORANDUM** |
| 16 FINANCIAL, a business entity, form ) | **OF POINTS AND AUTHORITIES IN** |
| unknown; HSBC RETAIL SERVICES, ) | **SUPPORT THEREOF** |
| 17 INC., is a business entity; HOME ) | |
| DEPOT, U.S.A. INC.; HOME DEPOT ) | **Date:        June 20, 2011** |
| 18 CREDIT SERVICES, a business entity, ) | **Time:        10:00 a.m.** |
| form unknown; CITIBANK (SOUTH ) | **Courtroom:  540** |
| 19 DAKOTA), N.A. CREDITOR and ) | |
| DOES 1 through 10, Inclusive, ) | **[Declaration of Jamie Moilanen filed** |
| 20 ) | **and Proposed Order lodged** |
|           Defendants. ) | **concurrently** |
| 21 ) | |
| 22 ) | **Complaint Filed:  March 15, 2011** |
| 23 ) | |
| 24 ) | |

25

26

27

28

LA 51416050

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 20, 2011, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Ralph Zarefsky, in Courtroom 540 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California 90012, defendants Citibank (South Dakota), N.A. ("Citibank") (on its own behalf and erroneously sued as Home Depot Credit Services) and Home Depot, U.S.A. Inc. ("Home Depot") will, and hereby do, move pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (the "FAA"), for an Order compelling plaintiff Yonis Yaqub ("Plaintiff") to arbitrate his claims against Citibank and Home Depot on an individual basis and to stay the instant action pending the outcome of the arbitration proceedings.

This Motion is made on the grounds that a valid, enforceable and irrevocable agreement to arbitrate exists between Plaintiff and Citibank that encompasses the claims brought by Plaintiff against Citibank and Home Depot; that, pursuant to the FAA, upon election by either Plaintiff or Citibank, Plaintiff must arbitrate his claims as required by the arbitration agreement in Plaintiff's credit card agreement; that South Dakota law governs the parties' relationship between Plaintiff and Citibank and likewise mandates enforcement of the arbitration agreement; and that the instant action should be stayed pending completion of the arbitration.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jamie Moilanen, all papers and pleadings on file regarding the Complaint and upon such other and further evidence and argument as may be presented to the Court in connection with this Motion.

Counsel for Citibank was unable to complete the conference of counsel pursuant to Local Rule 7.3 before filing the Motion.  On May 17, 2011, Citibank's counsel attempted to contact Plaintiff's counsel by email and telephone.  Counsel for

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51416050

1   Citibank left a message.  As of the date of the Motion, counsel for Citibank did not

2   receive a return call or email message.

3

4   Dated:  May 20, 2011                    STROOCK & STROOCK & LAVAN LLP
                                            JULIA B. STRICKLAND
5                                           MARCOS D. SASSO

6

7   By:_____/s/ Marcos D. Sasso_____
                                                    Marcos D. Sasso

8   Attorneys for Defendants
9        CITIBANK (SOUTH DAKOTA), N.A.
         and HOME DEPOT U.S.A, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

-2-

1

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL BACKGROUND ...................................................................... 2

    A.   Allegations Of The Complaint ...................................................... 2

    B.   Plaintiff's Account And The Binding Arbitration Agreement ............... 2

III.  ARGUMENT ................................................................................................ 4

    A.   Plaintiff's Claims Are Subject To Binding Arbitration Pursuant To The Arbitration Agreement Governing The Account. ...................... 4

        1.   Under The FAA, This Court Must Compel Arbitration Pursuant To  The Express Terms Of The Arbitration Agreement. ............................................................................. 4

        2.   The Arbitration Agreement In Plaintiff's Card Agreement is Valid And Enforceable. .................................... 7

        3.   Plaintiff's Claims Fall Squarely Within The Scope Of The Arbitration Agreement. ......................................... 8

    B.   This Action Must Be Stayed. ......................................................... 9

IV.   CONCLUSION ........................................................................................... 10

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- i -

LA 51416050

1

# TABLE OF AUTHORITIES

2

**Page(s)**

CASES

3

Allied-Bruce Terminix Cos. v. Dobson,

4

    513 U.S. 265, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995) ......................................4

5

AT&T Mobility LLC v. Concepcion,

6

    __ U.S. __, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (Apr. 27, 2011) ....................5, 6

7

AT&T Tech., Inc. v. Communications Workers of Am.,

8

    475 U.S. 643, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) ...................................8

9

Buckeye Check Cashing, Inc. v. Cardegna,

10

    546 U.S. 440, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006) ...............................4

11

Chiron Corp. v. Ortho Diagnostic Sys., Inc.,

    207 F.3d 1126 (9th Cir. 2000) ..........................................................................6

12

Collins & Aikman Products Co. v. Building Systems, Inc.,

13

    58 F.3d 16 (2d Cir. 1995) ..................................................................................8

14

Collins v. Burlington N. R. Co.,

15

    867 F.2d 542 (9th Cir. 1989) .............................................................................9

16

Dinsmore v. Piper Jaffray, Inc.,

17

    593 N.W.2d 41, 1999 SD 56 (S.D. 1999)..........................................................7

18

Discover Bank v. Superior Court,

19

    134 Cal. App. 4th 886, 36 Cal. Rptr. 3d 456 (2005) .........................................7

20

EEOC v. Waffle House, Inc.,

21

    534 U.S. 279, 122 S. Ct. 754, 151 L. Ed. 2d 755 (2002) ...................................6

22

First Options of Chicago, Inc. v. Kaplan,

23

    514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995) .................................7

24

Fleet Tire Serv. v. Oliver Rubber Co.,

    118 F.3d 619 (8th Cir. 1997) .............................................................................8

25

Gilmer v. Interstate/Johnson Lane Corp.,

26

    500 U.S. 20, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991) ....................................9

27

Green Tree Fin. Corp.-Ala. v. Randolph,

28

    531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000) .....................................7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51416050

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

Mastrobuono v. Shearson Lehman Hutton, Inc.,
    514 U.S. 52, 115 S. Ct. 1212, 131 L. Ed. 2d 76 (1995) ......................................5

McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co.,
    858 F.2d 825 (2d Cir. 1988) ...............................................................................8

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) .........................................5

Nedlloyd Lines B.V. v. Superior Court,
    3 Cal. 4th 459, 11 Cal. Rptr. 2d 330, 834 P.2d 1148 (1992).............................7

Perry v. Thomas,
    482 U.S. 483, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987) ...................................5

Preston v. Ferrer,
    552 U.S. 346, 128 S. Ct. 978, 169 L. Ed. 2d 917 (2008) ...................................6

Prima Paint Corp. v. Flood & Conklin Mfg. Co.,
    388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967) ...................................4

Randolph v. Green Tree Fin. Corp.,
    244 F.3d 814 (11th Cir. 2001) ............................................................................9

Southland Corp. v. Keating,
    465 U.S. 1, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984) .............................................6

Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.,
    __ U.S. __, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (Apr. 27, 2010) ....................5, 6

Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,
    489 U.S. 468, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989) ................................5

Washington Mut. Bank, FA v. Superior Court,
    24 Cal. 4th 906, 103 Cal. Rptr. 2d 320, 15 P.3d 1071 (2001)...........................7

**STATUTES**

9 U.S.C. § 2 ..............................................................................................................4

9 U.S.C. § 3 ..............................................................................................................9

S.D. Codified Laws § 54-11-9 .................................................................................8

LA 51416050

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By the instant Motion to Compel Arbitration and Stay Action (the "Motion"), defendants Citibank (South Dakota), N.A. ("Citibank") (on its own behalf and erroneously sued as Home Depot Credit Services[1]) and Home Depot, U.S.A. Inc. ("Home Depot") seek to compel arbitration on an individual basis of the claims asserted in this action by plaintiff Yonis Yaqub ("Plaintiff").  The Motion is made pursuant to the binding arbitration agreement (the "Arbitration Agreement") contained in the credit card agreement governing the Home Depot credit card belonging to Plaintiff at issue in this lawsuit.  As detailed below, the parties' Arbitration Agreement is a valid and enforceable agreement to arbitrate under South Dakota law (which applies here pursuant to a choice-of-law provision in the underlying credit card agreement), completely encompasses Plaintiff's claims against Citibank and Home Depot – all of which relate to the Account – expressly requires that Plaintiff's claims be arbitrated on an individual basis upon election by either Plaintiff or Citibank, and must be enforced pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, et seq. ("FAA"), which mandates a liberal policy favoring the enforcement of arbitration agreements.

Accordingly, as expressly authorized under the Arbitration Agreement, Citibank has elected to transfer this case to an arbitral forum where the dispute can proceed in a more efficient and expeditious manner, and Citibank respectfully requests that the Court grant the Motion and compel Plaintiff to arbitrate his claims and stay this case pending the arbitration.

---

[1]  Citibank and Home Depot are not aware of any entity named "Home Depot Credit Services."  Citibank is the issuer of Home Depot branded credit cards.

LA 51416050

## II.      FACTUAL BACKGROUND

### A.      Allegations Of The Complaint

In the Complaint, Plaintiff alleges that, in or about 2008, he made a purchase at Home Depot "on a deferred basis" and he later "discovered" that Home Depot "reported him late on his credit profile."  (Complaint ("Compl."), ¶ 12.)  Plaintiff asserts that the reporting was inaccurate and that he subsequently disputed the reporting with the "credit bureaus."  (Id., ¶¶ 12, 17-20.)  Plaintiff asserts three causes of action for violation of:  (1) the federal Fair Credit Reporting Act, § 15 U.S.C. § 1681, et seq. (the "FCRA") (First Cause of Action); (2) California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, et seq. (the "Rosenthal Act") (Second Cause of Action); and (3) California's Consumer Credit Reporting Agencies Act, California Civil Code section 1785.25, et seq. (the "CCRAA") (Third Cause of Action).[2]  Plaintiff seeks damages (general, statutory and punitive), attorneys' fees and costs.  (Id., p. 12.)

### B.      Plaintiff's Account And The Binding Arbitration Agreement

On or about January 7, 2009, Plaintiff submitted an application (the "Application") to open a Home Depot credit card account issued by Citibank (the "Account").  (Declaration of Jamie Moilanen ("Moilanen Decl."), ¶ 4, Ex. 1.) Directly above Plaintiff's signature, the Application states:

> By signing below, I certify that I . . . agree to be bound by the terms and conditions of the Citibank Card Agreement that will be provided to me if credit is granted.

(Id. ¶ 4, Ex. 1.)  Plaintiff used the Account to make a purchase, which posted to the Account on or about January 7, 2009.  (Id., ¶ 6; see also Compl., ¶ 12.)

As stated in the application, the Account is subject to a written Card Agreement.  (Moilanen Decl., ¶¶ 4-5, Exs. 1-2.)  The Card Agreement provides that "[f]ederal law and the law of South Dakota, where we are located, govern the terms

---

[2] Plaintiff asserts the same three causes of action against defendants other than Citibank and Home Depot.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51416050

and enforcement of this Agreement." (Id. Ex. 2 (provision entitled "Governing Law").) The Card Agreement sent to Plaintiff at the time the Account was opened contains the Arbitration Agreement, which provides that either party could elect mandatory binding arbitration. (Id., ¶ 5, Ex. 2.) The Arbitration Agreement states in salient part:

### ARBITRATION

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.**

***Agreement to Arbitrate:*** Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").

***Claims Covered***
**What Claims are subject to arbitration?** All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision. All Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; and Claims made independently or with other claims. A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party. Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis.

**Whose Claims are subject to arbitration?** Not only ours and yours, but also Claims made by or against anyone connected with

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

us or you or claiming through us or you, such as a co-applicant, authorized user of your account, an employee, agent, representative, affiliated company, predecessor or successor, heir assignee, or trustee in bankruptcy.

*     *     *

**Broadest Interpretation.**  Any questions about whether Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.  This arbitration provision is governed by the Federal Arbitration Act (the "FAA").

(Moilanen Decl., Ex. 2 (bolding in original).)  The Arbitration Agreement also includes terms excluding small claims court actions and allowing for the reimbursement and/or advancement of arbitration fees.  (Id. Ex. 2.)

## III.   ARGUMENT

**A.   Plaintiff's Claims Are Subject To Binding Arbitration Pursuant To The Arbitration Agreement Governing The Account.**

### 1.   Under The FAA, This Court Must Compel Arbitration Pursuant To The Express Terms Of The Arbitration Agreement.

Section 2 of the FAA mandates that binding arbitration agreements in contracts "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2; see Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443, 126 S. Ct. 1204, 1207, 163 L. Ed. 2d 1038 (2006) ("Section 2 [of the FAA] embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.").  The United States Supreme Court has made clear that the FAA is extremely broad and applies to any transaction directly or indirectly affecting interstate commerce.  See, e.g., Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 277, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967).[3]

---

[3] Here, there is no question that the FAA applies to this dispute because the credit card transactions at issue were made between Plaintiff, who resides in California (see Compl., ¶ 1), and Citibank, a national banking association located in South Dakota.

*(Footnote continued)*

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51416050

The FAA promotes a "liberal federal policy favoring arbitration agreements," and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); <u>see also</u> <u>Perry v. Thomas</u>, 482 U.S. 483, 490-91, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987) (stating that arbitration agreements falling within the scope of the FAA "must be 'rigorously enforce[d]'" (citations omitted)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 24-25; <u>see also</u> <u>Perry</u>, 482 U.S. at 490 (stating that arbitration agreements falling within the scope of the FAA "must be 'rigorously enforce[d]'") (citations omitted). Indeed, the United States Supreme Court recently confirmed that the "'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" <u>AT&T Mobility LLC v. Concepcion</u>, __ U.S. __, 131 S. Ct. 1740, 1748, 179 L. Ed. 2d 742 (Apr. 27, 2011); <u>accord</u> <u>Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.</u>, __ U.S. __, 130 S. Ct. 1758, 1773, 176 L. Ed. 2d 605 (Apr. 27, 2010); <u>Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.</u>, 489 U.S. 468, 479, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989); <u>Mastrobuono v. Shearson Lehman Hutton, Inc.</u>, 514 U.S. 52, 53-54, 115 S. Ct. 1212, 131 L. Ed. 2d 76 (1995).

As confirmed by the Supreme Court, the "overarching purpose of the FAA, evident in the text of §§ 2, 3 and 4, is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." <u>AT&T Mobility</u>, 131 S. Ct. at 1748. By consenting to bilateral arbitration, the "parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and

_____

(Moilanen Decl., ¶ 1.)  Indeed, the Arbitration Agreement explicitly states that "[t]his arbitration provision is governed by the [FAA]." (<u>See</u> Moilanen Decl., Ex. 2.)

speed, and the ability to choose expert adjudicators to resolve specialized disputes." <u>Stolt-Nielsen</u>, 130 S. Ct. at 1775 (citations omitted).

"Underscoring the consensual nature of private dispute resolution . . . parties are 'generally free to structure their arbitration agreements as they see fit.'" <u>Stolt-Nielsen</u>, 130 S. Ct. at 1774 (citations omitted).  Thus, "parties may agree to limit the issues subject to arbitration [citation], to arbitrate according to specific rules [citation], and to limit with whom a party will arbitrate its disputes [citation]." <u>AT&T Mobility</u>, 131 S. Ct. at 1748-49 (citations omitted).  Indeed, the "point of affording parties discretion in designing arbitration processes is to allow for efficient, streamlined procedures tailored to the type of dispute . . . .  And the informality of arbitral proceedings is itself desirable, reducing the cost and increasing the speed of dispute resolution." <u>Id.</u> at 1749.  Ultimately, "[i]t falls to courts and arbitrators to give effect to these contractual limitations, and when doing so, courts and arbitrators must not lose sight of the purpose of the exercise:  to give effect to the intent of the parties." <u>Stolt-Nielsen</u>, 130 S. Ct. at 1774-75; <u>EEOC v. Waffle House, Inc.</u>, 534 U.S. 279, 289, 122 S. Ct. 754, 151 L. Ed. 2d 755 (2002).

Under the FAA, as consistently interpreted by the Supreme Court, arbitration must be compelled where, as here:  (1) a valid, enforceable agreement to arbitrate exists; and (2) the claims at issue fall within the scope of that agreement.  <u>See</u> <u>Chiron Corp. v. Ortho Diagnostic Sys., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000).  An arbitration agreement governed by the FAA, like the Arbitration Agreement here, is presumed to be valid and enforceable.[4]  It is well settled that the party resisting

---

[4] The FAA preempts any state law impediments to enforcing arbitration agreements according to their terms, even under the guise of generally applicable contract principles.  <u>See</u> <u>AT&T Mobility</u>, 131 S. Ct. at 1752-53 (states may not superimpose judicial procedures on arbitration); <u>id.</u> at 1751 n.7, 1747 ("When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward:  The conflicting rule is displaced by the FAA.") (citing <u>Preston v. Ferrer</u>, 552 U.S. 346, 353, 128 S. Ct. 978, 169 L. Ed. 2d 917 (2008)); <u>Stolt-Nielsen</u>, 130 S. Ct. at 1774 ("[P]arties are 'generally free to structure their arbitration agreements as they see fit.'"); <u>see also</u> <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 16, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984) (striking down California law that sought to insulate certain issues from arbitration).

<i>(Footnote continued)</i>

LA 51416050

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue.  Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000).

### 2. The Arbitration Agreement In Plaintiff's Card Agreement is Valid And Enforceable.

Plaintiff's Card Agreement, which contains the Arbitration Agreement, is expressly governed by a South Dakota choice-of-law provision.[5]  (Moilanen Decl., Ex. 2.)  While the FAA exclusively governs the enforceability of the Arbitration Agreement according to its terms, South Dakota law governs the determination of whether a valid agreement to arbitrate exists.  See Dinsmore v. Piper Jaffray, Inc., 593 N.W.2d 41, 44, 1999 SD 56 (S.D. 1999) (noting that, "the question of whether the parties entered into a valid agreement to arbitrate is a question for the court to determine applying state contract law principles"); accord First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.").

Here, Plaintiff applied for the Account and agreed to the terms of the Card Agreement that was sent to him, including the Arbitration Agreement.  Plaintiff used the Account and, therefore, assented to the terms of the Card Agreement, including the Arbitration Agreement.  (See Compl., ¶ 12; Moilanen Decl., Ex. 2 ("This Agreement is binding on you unless you cancel your account within 30 days after receiving the card and you have not used or authorized use of your card.").)  South

---

[5] Pursuant to Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 470, 11 Cal. Rptr. 2d 330, 834 P.2d 1148 (1992), and Washington Mut. Bank, FA v. Superior Court, 24 Cal. 4th 906, 914-15, 103 Cal. Rptr. 2d 320, 15 P.3d 1071 (2001), the South Dakota choice-of-law provision is enforceable because:  (i) South Dakota has a substantial relationship to the parties and the transaction (i.e., Citibank is located in South Dakota); and (ii) South Dakota law is not contrary to any fundamental public policy of California.  See Discover Bank v. Superior Court, 134 Cal. App. 4th 886, 892-93, 36 Cal. Rptr. 3d 456 (2005).

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51416050

Dakota law is consistent with the Card Agreement, providing that the "use of an accepted credit card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer . . . ."  S.D. Codified Laws § 54-11-9.

### 3.   Plaintiff's Claims Fall Squarely Within The Scope Of The Arbitration Agreement.

Once it is determined that the parties have entered into a binding arbitration agreement, an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  AT&T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986); see also McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co., 858 F.2d 825, 832 (2d Cir. 1988) (noting the distinction between "broad" clauses that purport to refer to arbitration all disputes arising out of a contract and "narrow" clauses that limit arbitration to specific types of disputes).  Where the clause is broad, as is the case here, there is a heightened presumption of arbitrability such that "'[in] the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'"  AT&T Tech., 475 U.S. at 650; accord Fleet Tire Serv. v. Oliver Rubber Co., 118 F.3d 619, 621 (8th Cir. 1997); Collins & Aikman Products Co. v. Building Systems, Inc., 58 F.3d 16, 20 (2d Cir. 1995) (holding that, where the clause is broad, "then there is a presumption that the claims are arbitrable").

Here, the Arbitration Agreement extends to "[a]ll Claims relating to your account, a prior related account, or our relationship,"  which "includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law . . . ."  (Moilanen Decl., Ex. 2.)  The agreement plainly covers Plaintiff's claims challenging Citibank's

-8-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   conduct relating to the Account.  Although baseless, these claims clearly "relate to"

2   the Account and Plaintiff's relationship with Citibank, and are therefore squarely

3   covered by the Arbitration Agreement.

4       Similarly, Plaintiff's legal theories fall within the scope of the Arbitration

5   Agreement.  Plaintiffs' statutory claims for supposed violations of the FCRA,

6   Rosenthal Act and CCRAA  are explicitly covered by the Arbitration Agreement,

7   which encompasses all "[c]laims based on contract . . . statutory or regulatory

8   provisions, or any other sources of law" (Moilanen Decl., Ex. 2).  See Gilmer v.

9   Interstate/Johnson Lane Corp., 500 U.S. 20, 26, 111 S. Ct. 1647, 114 L. Ed. 2d 26

10   (1991) ("It is by now clear that statutory claims may be the subject of an

11   arbitration."); Randolph v. Green Tree Fin. Corp., 244 F.3d 814, 818 (11th Cir. 2001)

12   (Truth-in-Lending Act claims subject to arbitration agreement).

13       In addition, Plaintiff's claim against Home Depot is also encompassed by the

14   Arbitration Agreement, which expressly provides that "Claims made … against

15   anyone connected with us" are subject to arbitration.  Here, Plaintiff's claims against

16   Citibank and Home Depot are one and the same.  They all relate to Plaintiff's use of

17   the Account and purported credit reporting and collection issues arising in

18   connection therewith.  Plaintiff does not allege any separate claim against Home

19   Depot unrelated to the Account.  Accordingly, Plaintiff's claims against both

20   Citibank and Home Depot are subject to arbitration.

21   **B.    This Action Must Be Stayed.**

22       Section 3 of the FAA expressly provides that, where a valid arbitration

23   agreement requires a dispute to be submitted to binding arbitration, the district court

24   shall stay the action "until such arbitration has been had in accordance with the terms

25   of the agreement."  9 U.S.C. § 3; see Collins v. Burlington N. R. Co., 867 F.2d 542,

26   545 (9th Cir. 1989) (remanding case where district court failed to consider whether a

27   stay was appropriate as a result of binding arbitration agreement).  Accordingly,

28   Citibank requests that this Court stay the action as against Citibank and Home Depot

1  pending completion of arbitration pursuant to the express terms of the Arbitration

2  Agreement.

3  **IV.    CONCLUSION**

4       For all of the foregoing reasons, Citibank respectfully requests that the Court

5  grant this Motion and compel arbitration of Plaintiff's claims in accordance with the

6  express terms of the valid and enforceable Arbitration Agreement governing

7  Plaintiff's Account.  In addition, this Court should stay this action as against Citibank

8  and Home Depot pending completion of arbitration proceedings.

9

10  Dated:  May 20, 2011            STROOCK & STROOCK & LAVAN LLP

11                              JULIA B. STRICKLAND

12                              MARCOS D. SASSO

13               By:_____ */s/ Marcos D. Sasso*_____

14                       Marcos D. Sasso

15               Attorneys for Defendants

16                   CITIBANK (SOUTH DAKOTA), N.A.
                 and HOME DEPOT U.S.A, INC.

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51416050