UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 11-2190-VBF(FFMx)**                              Dated: **June 10, 2011**

Title:    Yonis Yaqub -v- Experian Information Solutions, Inc., et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

      Joseph Remigio                              None Present
      Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                         None Present

**PROCEEDINGS (IN CHAMBERS):**   **COURT ORDER RE DEFENDANT HSBC RETAIL SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 13)**

    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. **The hearing set on this Motion for June 20, 2011 at 1:30 p.m. is hereby vacated and the matter is taken off calendar**.

**I.   Ruling**

    The Court has received, read, and considered Defendant HSBC Retail Services, Inc.'s ("HSBC") Motion To Dismiss Plaintiff's Complaint ("Motion") (dkt. 13), Plaintiff Yonis Yaqub's Opposition (dkt. 17), the Reply (dkt. 25), and related papers.

    Plaintiff alleges violations of (1) the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"); (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("RFDCPA"); and (3) the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25, *et seq*. ("CCRAA").  HSBC Moves to dismiss all causes of action under Federal Rule of Civil Procedure 12(b)(6).

MINUTES FORM 90                          Initials of Deputy Clerk    jre
CIVIL - GEN

For reasons stated below, the Court hereby:

(1) DENIES the Motion with respect to the First Cause of Action for violation of the FCRA;

(2) GRANTS the Motion, with leave to amend, with respect to the Second Cause of Action for violation of the RFDCPA;

(3) DENIES the Motion with respect to the Third Cause of Action for violation of the CCRAA.

**As this Order dismisses a portion of the Complaint with leave to amend, Plaintiff shall <u>manually</u> file a First Amended Complaint no later than 21 days after entry of this Order.  Plaintiff may amend only to cure deficiencies identified in this Order, and may not add defendants or causes of action without filing a properly noticed motion for leave to amend.  Defendant shall have 21 days after the filing of the First Amended Complaint to file and serve a response.  Failure to timely file a First Amended Complaint may lead to dismissal.**

**II. Analysis**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (internal punctuation omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 1949-50.

The defendant bears the burden of showing that plaintiff has failed to state a claim.  *See, e.g., Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

**A.   First Cause Of Action For Violation Of FCRA**

HSBC contends that Plaintiff's First Cause of Action for violation of FCRA fails because (1) there is no private right of action under 15 U.S.C. § 1681s-2(a) for inaccurate reporting, and (2) Plaintiff has failed to allege facts supporting a violation of 15 U.S.C. § 1681s-2(b) for an unreasonable investigation.

Plaintiff responds by clarifying that his FCRA cause of action is based 15 U.S.C. § 1681s-2(b), arising out of HSBC's duty to conduct a reasonable investigation of Plaintiff's credit dispute. Plaintiff points to the facts in the Complaint, which viewed in a light favorable to Plaintiff and accepted as true, could lead to the conclusion that HSBC failed to conduct a reasonable investigation of the status of Plaintiff's credit account.

Plaintiff alleges that he contacted HSBC in September 2007 to dispute negative entries in his credit profile. Compl. ¶ 9. In March 19, 2008, Plaintiff sent correspondence to all three credit bureaus, including Experian, disputing the delinquency reported by HSBC. Compl. ¶ 10. In April 2008, HSBC told Plaintiff that the delinquencies would be removed from his HSBC credit account and that any negative reporting relating to this account would be removed from all three credit bureaus. Compl. ¶ 11. In October 2009, Plaintiff obtained a copy of his Experian credit report indicating that he was delinquent on his HSBC account. Compl. ¶ 14. In January 2010, Plaintiff received a statement from Leading Edge Recovery Solutions advising him that his HSBC account had been place with them for collection. Compl. ¶ 15. On December 2, 2010, Plaintiff sent correspondence to all three credit bureaus, including Experian, disputing the HSBC derogatories. Compl. ¶ 17. On December 21, 2010, Plaintiff received an Experian report that continued to report the HSBC derogatories. Compl. ¶ 18.

Plaintiff further alleges that he contacted the credit bureaus on multiple occasions, and alleges that they sent dispute notices to HSBC, thereby activating HSBC's obligations to Plaintiff under the FCRA. Compl. ¶ 19. HSBC allegedly refused to acknowledge that Plaintiff was not delinquent, failed to correct the errors, and failed to undertake sufficient investigation upon being notified of the errors. Compl. ¶¶ 20-22.

In sum, the collection of specific facts alleged by Plaintiff are sufficient to put HSBC on notice of its alleged wrongdoing, and are sufficient to raise a reasonable inference that HSBC failed to conduct an adequate investigation and take corrective action as required by 15 U.S.C. § 1681s-2(b).

HSBC also contends that Plaintiff's claim fails because he fails to allege that HSBC undertook actions "knowingly and intentionally." However, the authority cited by HSBC states the requirement for punitive damages, not the requirement to allege a violation of 15 U.S.C. § 1681s-2(b). *See Akalwadi v. Risk Management Alternatives, Inc.*, 336 F. Supp. 2d 492, 510 (D. Md. 2004). Additionally, Plaintiff does allege that HSBC

MINUTES FORM 90                                 Initials of Deputy Clerk ___jre___
CIVIL - GEN

undertook actions "wilfully" (*see* Compl. ¶ 22), which is sufficient at this stage under Rule 8.

The Motion is DENIED with respect to the First Cause of Action for violation of the FCRA.

**B.   Second Cause Of Action For Violation Of RFDCPA**

HSBC contends that Plaintiff's Second Cause of Action for violation of RFDCPA fails because (1) Plaintiff's claim is preempted by the FCRA, (2) Plaintiff does not allege any debt collection conduct by HSBC, and (3) Plaintiff's claim is time-barred.  The Court agrees.

**1.   Preemption**

The FCRA provides that:

> "No requirement or prohibition may be imposed under the laws of any State--(1) with respect to any subject matter regulated under-- . . .  (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply-- . . . (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996)"

15 U.S.C. § 1681t(b)(1)(F).

"FCRA Section 1681s-2(a) regulates the duty of furnishers of information to provide accurate information, and specifically prohibits the reporting of information after notice and confirmation of an inaccuracy.  FCRA 1681s-2(b) regulates the duties of furnishers of information upon notice of dispute, and requires an investigation with respect to the dispute." *Nelson v. Equifax Information Services, LLC*, 522 F. Supp. 2d 1222, 1233 (C.D. Cal. 2007).

Thus, Plaintiff's claims based on HSBC's reporting of inaccurate credit information and inadequate investigation (*see* Compl. ¶ 27) are expressly preempted because they fall within the subject matter regulated by 15 U.S.C. § 1681s-2.

Plaintiff contends that because there is no conflict between the RFDCPA and FCRA, then there is no preemption.  However, this argument is unpersuasive in light of the *express* preemption provided in 15 U.S.C. § 1681t(b)(1)(F).  *See also Nelson*, 522 F. Supp. 2d at 1233 (finding RFDCPA claims preempted where they fall under subject matter regulated by

section 1681s-2); *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005) (same).

### 2.   Adequacy Of Allegations Of Debt Collection Conduct

HSBC contends that Plaintiff has not sufficiently alleged any debt collection conduct by HSBC.  The Court agrees.

In Plaintiff's Second Cause of Action, Plaintiff recites alleged violations of the RFDCPA in a conclusory manner instead of identifying specific conduct by HSBC that constitutes a violation.  *See* Compl. ¶ 28(a)-(c).  Plaintiff does not identify any action by HSBC indicating that it used false, deceptive, unfair, or unconscionable means to collect a debt.  *See Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013 (N.D. Cal. 2006) (dismissing RFDCPA claim because, among other reasons, the allegations were too vague to give rise to any inference that a specific defendant violated the act).  This is not sufficient to withstand a motion to dismiss.

Plaintiff contends that Defendant overlooks paragraph 27 of the Complaint, but the allegations in that paragraph (relating to falsely reporting credit information rather than debt collection) are preempted as discussed above in Section II.B.1.

### 3.   Statute Of Limitations

HSBC also contends that Plaintiff's claims under the RFDCPA are barred by the one-year statute of limitations.  *See* Cal Civ. Code § 1788.30(f).  The Court agrees.

The only specific conduct alleged against HSBC regarding collection on Plaintiff's account is a January 11, 2010 letter from an independent debt collector received by Plaintiff on January 11, 2010, stating that the account had been placed with them for collection.  Compl. ¶ 15.  The Complaint was not filed until March 15, 2011, more than one year later.  Dkt. 1.

Plaintiff argues that because he alleges that defendants "have continued to attempt collection," (*see* Compl. ¶ 28(c)) the collection conduct is part of a pattern that extends into the limitations period.  However, as stated above in Section II.B.2., this vague and conclusory allegation does not contain sufficient factual content to plead an unlawful collection action within the limitations period.

### 4.   Summary

MINUTES FORM 90                                           Initials of Deputy Clerk   ___jre___
CIVIL - GEN

    Defendants have sufficiently shown that (1) the portion of the Second Cause of Action based on HSBC's reporting of inaccurate credit information and inadequate investigation is preempted by the FCRA; and (2) Plaintiff does not sufficiently allege that HSBC engaged in any wrongful collection actions within the limitations period.

    The Motion is GRANTED, with leave to amend, with respect to Plaintiff's Second Cause of Action for violation of the RFDCPA.

### C. Third Cause Of Action For Violation Of CCRAA

    HSBC contends that the Third Cause of Action for violation of the CCRAA, Cal. Civ. Code § 1785.25, *et seq.*, should be dismissed because it is preempted by the FCRA. The Court disagrees.

    As addressed above in Section II.B.1., the FCRA preempts state regulation of any subject matter regulated under 15 U.S.C. § 1681s-2, *except* with respect to Cal. Civ. Code § 1785.25(a). 15 U.S.C. § 1681t(b)(1)(F).

    Cal. Civ. Code § 1785.25(a) provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

    Viewing the allegations in the complaint in a light favorably to Plaintiff, HSBC does not show that the Third Cause of Action fails to state a claim under Cal. Civ. Code § 1785.25(a). *See* Compl. ¶ 31(b) (alleging that HSBC furnished information to credit reporting agencies about Plaintiff that HSBC knew or should have known was inaccurate).

    HSBC provides insufficient authority to find that Plaintiff's additional allegations, which potentially match up with preempted portions of the CCRAA but also may be interpreted as supporting a violation of Cal. Civ. Code § 1785.25(a) (*see, e.g.,* Compl. ¶ 32(f) (alleging that HSBC does not have proper procedures to correct inaccurate reporting)), cause the Third Cause of Action to fail as a matter of law.

    The Motion is DENIED with respect to the Third Cause of Action for violation of CCRAA.

MINUTES FORM 90　　　　　　　　　　　　　　Initials of Deputy Clerk ___jre___
CIVIL - GEN