UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 11-2190-VBF(FFMx)**                    Dated: **June 10, 2011**

Title:   Yonis Yaqub -*v*- Experian Information Solutions, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

        Joseph Remigio                        None Present
        Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

        None Present                          None Present

PROCEEDINGS (IN CHAMBERS):      COURT ORDER RE MOTION OF DEFENDANT
                                CITIBANK (SOUTH DAKOTA), N.A. AND HOME
                                DEPOT, U.S.A. INC. TO COMPEL
                                ARBITRATION AND STAY ACTION (DKT. 18);
                                SETTING OSC RE DISMISSAL IN LIGHT OF
                                ARBITRATION


        Pursuant to Rule 78 of the Federal Rules of Civil Procedure and
Local Rule 7-15, the Court finds that this matter is appropriate for
decision without oral argument.  **The hearing set on this Motion for June
20, 2011 at 1:30 p.m. is hereby vacated and the matter is taken off
calendar.**

**I.   Ruling And OSC Re Dismissal In Light Of Arbitration**

        The Court has received, read, and considered the Motion of Defendant
Citibank (South Dakota), N.A. ("Citibank") and Home Depot, U.S.A.
Inc.("Home Depot") (collectively, "Defendants") To Compel Arbitration And
Stay Action (dkt. 18), Plaintiff Yonis Yaqub's Opposition (dkt. 24), the
Reply (dkt. 28), and related papers.

        For reasons stated below, the Court hereby GRANTS the Motion as
follows:  all of the claims between plaintiff Yonis Yaqub and Citibank

MINUTES FORM 90                        Initials of Deputy Clerk ___jre___
CIVIL - GEN

and Home Depot in the instant action are ordered to be arbitrated on an individual basis consistent with the parties' written agreement to arbitrate.

**In light of the Court's order compelling arbitration above, the Court hereby sets an Order to Show Cause why the claims against Citibank and Home Depot should not be dismissed due to contractual arbitration for June 27, 2011 at 1:30 p.m. on the non-appearance calendar.** *See Sparling v. Hoffman Constr. Co., Inc.,* 864 F.2d 635, 638 (9th Cir. 1988) (court may dismiss claims subject to arbitration instead of staying). **Each party should file a written response no later than June 20, 2011.**

## II.  Background

Plaintiff alleges that he made a purchase at Home Depot on a deferred payment basis, and later discovered that Home Depot reported him late on his credit profile.  Compl. ¶ 12.  Plaintiff asserts that the reporting was inaccurate and that he subsequently disputed the reporting with the credit bureaus.  Compl. ¶¶ 12, 17-20.

Plaintiff alleges violations of (1) the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"); (2) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("RFDCPA"); and (3) the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25, *et seq.* ("CCRAA").

On or around January 2009, Plaintiff submitted an application  (the "Application") to open a Home Depot credit card issued by Citibank (the "Account").  Moilanen Decl., ¶ 4, Ex. A.  Directly above Plaintiff's signature, the Application states:

> By signing below, I certify that I . . . agree to be bound by the terms and conditions of the Citibank Card Agreement that will be provided to me if credit is granted.

Plaintiff used the Account to make a purchase, which posted to the Account on or about January 7, 2009.  Moilanen Decl. ¶ 6; Compl. ¶ 12.

The Card Agreement sent to Plaintiff at the time the Account was opened contains an Arbitration Agreement.  Moilanen Decl. ¶ 5 & Ex. B. The Arbitration Agreement provides that "[e]ither you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us."  The Arbitration Agreement covers "[a]ll Claims relating to your account, a prior related account, or our relationship."  The Arbitration Agreement also covers claims made

MINUTES FORM 90                              Initials of Deputy Clerk    jre
CIVIL - GEN

against "anyone connected with [Citibank] . . . such as . . [an] affiliated company."  The Arbitration Agreement also contains terms excluding small claims court actions and allowing for the reimbursement and/or advancement of arbitration fees.

## III. Analysis

### A.   Formation And Scope Of Arbitration Agreement

"A party aggrieved by the alleged . . . refusal of another to arbitrate under a written agreement for arbitration may petition [a] United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.  "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  *Id.*

"The court's role under the Act is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms."  *Id.*

The Court finds that a valid arbitration agreement exists that covers the claims in this action.  *See* Moilanen Decl. ¶¶ 4-6, Exs. A-B. Plaintiff's Card Agreement, which contains the Arbitration Agreement, is expressly governed by a South Dakota choice-of-law provision.  Moilanen Decl., Ex. B at p. 8 ("Federal law and the law of South Dakota, where we are located, govern the terms and enforcement of this Agreement.").  The South Dakota choice-of-law provision is enforceable because (i) Defendants have shown that South Dakota has a substantial relationship to the parties and the transaction (i.e., Citibank is located in South Dakota); and (ii) Plaintiff has failed to show that South Dakota law is contrary to any fundamental public policy of California.[1]  *See Washington Mut. Bank, FA v. Sup. Ct.*, 24 Cal. 4th 906, 914-917.  Applying South Dakota law, Plaintiff entered into the Arbitration Agreement when he used the credit card.  *See* S.D. Codified Laws § 54-11-9.  The Arbitration

---

[1]Plaintiff's Opposition does not address the South Dakota choice-of-law provision.

MINUTES FORM 90                          Initials of Deputy Clerk ___jre___
CIVIL - GEN

Agreement covers the claims in this action because the claims arise out of the Account and the claims are against Citibank and a party connected to Citibank.

Indeed, Plaintiff does not deny that he received the Card Agreement, that it contained the Arbitration Agreement, and that he used the Account following receipt of the Card Agreement.  Plaintiff also does not deny that his claims against Citibank and Home Depot fall within the scope of the Arbitration Agreement.  Instead, Plaintiff contends that the Arbitration Agreement is unenforceable for a number of reasons.

**B.    Enforceability Of Arbitration Agreement**

A party resisting arbitration on the grounds that the arbitration agreement is unconscionable, that arbitration is prohibitively expensive, or that certain statutory claims are not arbitrable bears the burden of showing that the arbitration agreement is invalid.  *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000); *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1158 (9th Cir. 2008).  Plaintiff fails to meet his burden to show that the Arbitration Agreement is invalid for these reasons.

**1.    Arbitratability Of Statutory Claims**

Plaintiff contends that claims under FCRA, RFDCPA, and CCRAA are not subject to arbitration because each of the acts provides that an action may be brought in a "court of competent jurisdiction."  Plaintiff also contends that further references in the statutes to bringing "actions" in "court" should be regarded as preserving the right of a plaintiff to bring an action in court.  Further, Plaintiff notes that the RFDCPA and CCRA prevent waivers of their provisions.

As Defendants contend, the Federal Arbitration Act ("FAA") preempts any state laws prohibiting arbitration of a particular type of claim.  *See AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1747 (2011) ("When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflict rule is displaced by the FAA.").  With respect to the FCRA, Plaintiff does not show how the statutory text providing that "[a]n action to enforce any liability created under this subchpater may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction . . ." (15 U.S.C. § 1681p) requires that claims can only be resolved in a court rather than through arbitration.  Plaintiff cites to insufficient authority that this type of language, which permits an action in court but does not say anything one

way or the other about arbitration, should be interpreted to preclude the arbitration of a claim. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 24 (1983) (noting "liberal federal policy favoring arbitration agreements."); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("It is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA.").

In sum, Plaintiff fails to show that the claims he seeks to bring in this action are outside of the claims that may be subject to contractual arbitration.

### 2. Unconscionability

#### a. Fee-Splitting

Plaintiff contends that the Arbitration Agreement is unconscionable because of the fee-splitting provision. In support, Plaintiff cites to cases decided under California law.

The fee-splitting provision in the Arbitration Agreement provides:

> "Who pays? Whoever files the arbitration pays the initial filing fee. If we file, we pay; if you file, you pay, unless you get a fee waiver under the applicable rules of the arbitration firm. If you have paid the initial filing fee and you prevail, we will reimburse you for that fee. If there is a hearing, we will pay any fees of the arbitrator and arbitration firm for the first day of that hearing. All other fees will be allocated as provided by the rules of the arbitration firm and applicable law. However, we will advance or reimburse your fees if the arbitration firm or arbitrator determines there is a good reason for requiring us to do so, or if you ask us and we determine there is a good reason for doing so. Each party will bear the expense of that party's attorneys, experts, and witnesses, and other expenses, regardless of which party prevails, but a party may recover any and all expenses from another party if the arbitrator, applying applicable law, so determines."

Moilanen Decl. Ex. B, p. 7.

As a preliminary matter, Plaintiff fails provide any authorities showing that the Arbitration Agreement is unconscionable under South Dakota law, which is the law applicable to the Arbitration Agreement. *See* Section III.A. Thus, Plaintiff does not carry his burden to show

that the Arbitration Agreement is unenforceable due to the fee-splitting clause.

Even if the Court were to apply California law, Plaintiff has not shown that the Arbitration Agreement is unconscionable. *See Green Tree Fin. Corp.-Ala.*, 531 U.S. at 92 (noting that a "party seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive . . . bears the burden of showing the likelihood of incurring such costs."). Plaintiff has provided insufficient evidence to find that Plaintiff's arbitration fees, as determined in the actual fee-splitting provision at issue here, would be prohibitively expensive. Plaintiff provides no explanation or evidence whatsoever regarding his own expected fee under the Arbitration Agreement.

In addition, Defendants show that under the rules for consumer arbitrations of the American Arbitration Association, one of the arbitration firms permitted in the agreement, Plaintiff's arbitration fees would be capped at $125 for an actual damages claim not exceeding $10,000 and $375 for an actual damages claim between $10,000 and $75,000. *See* http://www.adr.org/sp.asp?id=22039 (last visited June 8, 2011). Plaintiff has not provided any evidence or authority suggesting these amounts are unfair or excessive. Further, Defendants represent that Citibank is willing to reimburse or advance Plaintiff's portion of the AAA fees (i.e., up to $375). Rep. at 8:1-5.

Plaintiff also contends that the Arbitration Agreement's requirement that each party will bear his own attorney's fees and costs contradicts the provisions of the FCRA, RFDCPA, and CCRA, which provide for fee reimbursement. However, as Defendants contend, the Arbitration Agreement does not contradict any provisions that allow for recovery of attorney's fees because the Arbitration Agreement provides that "a party may recover any and all expenses from another party if the arbitrator, applying applicable law, so determines."

### b.    Discovery

Plaintiff contends that the Arbitration Agreement is unenforceable because it denies him a "full right of discovery." Opp. at 14-15. However, the Arbitration Agreement does not deny all discovery, but rather provides that the arbitration will proceed in accordance with the rules of the selected arbitral forum. This fact is not sufficient to render an arbitration agreement unenforceable. *See AT&T Mobility*, 131 S.Ct. at 1747 (reasoning that a waiver of a "right to full discovery" would not render an agreement unenforceable). Plaintiff does not

sufficiently identify how the discovery provisions of the arbitral forums
permitted by the agreement would be unconscionably insufficient.

### c.     Appeal

        Plaintiff contends that because the arbitration provisions allow for
an appeal before a panel of three arbitrators, it could create a very
costly process if Defendants were unhappy with the result.  Plaintiff
also contends that the case may give rise to complex issues to which the
panel of three arbitrators may not give a sufficiently thorough
treatment.

        However, as Defendants contend, Plaintiff provides insufficient
evidence that a potential appeal by Defendants would be unreasonably
costly to Plaintiff.  Plaintiff also provides no explanation regarding
how the issues in this action are "complex," and provides no evidence
that a panel of three arbitrators would not give the issues a
sufficiently thorough treatment.  Thus, the appeal provision does not
provide a basis to void the Arbitration Agreement.

### d.     Repeat Player Effect

        Plaintiff contends that the "repeat player effect" due to
Defendants' size would disadvantage Plaintiff and thus render the
Arbitration Agreement unconscionable.  However, Plaintiff's statement is
not supported by any evidence, and repeated arbitration does not, without
more, call into question the potential for arbitration to be neutral.
*See Mercuro v. Sup. Ct.*, 96 Cal. App. 4th 167, 178 (2002).

### e.     Prohibition On Class Actions

        Plaintiff contends that the prohibition of class actions in the
Arbitration Agreement render it unconscionable.  This contention is
unpersuasive.

        First, the inclusion of the class action waiver is not relevant
because Plaintiff does not assert class claims here.  Second, the Supreme
Court has held that a class action waiver does not render an Arbitration
Agreement unconscionable.  *See AT&T Mobility*, 131 S.Ct. at 1748.
Plaintiff's attempts to distinguish this case due to other purportedly
unconscionable features in the Arbitration Agreement are unavailing, and
in any event, Plaintiff does not show how the cumulative effect of all
the Arbitration Agreement provisions renders it unconscionable.

### f.     Lack Of Alternative

MINUTES FORM 90                              Initials of Deputy Clerk    __jre__
CIVIL - GEN

Plaintiff contends that the Arbitration Agreement is voidable because he was given the contract on a take it or leave it basis. However, this is not a basis for a finding of unconscionability. *See AT&T Mobility*, 131 S.Ct. at 1750 (acknowledging that "the times in which consumer contracts were anything other than adhesive are long past" and finding arbitration provision enforceable); *Rozenboom v. Northwestern Bell Telephone Co.*, 358 N.W. 2d 241, 245 (S.D. 1984) ("We do not suggest that simply because this contract is standardized and preprinted, ipso facto, it is unenforceable as a contract of adhesion."). Here, Plaintiff provides no evidence establishing any coercive pressure to accept the Arbitration Agreement or lack of a meaningful choice.

### g.    Summary

In sum, Plaintiff does not provide sufficient evidence or authorities to find that the Arbitration Agreement is void after considering the provisions individually or together as a whole.

### 3.    Practicality

Plaintiff contends that attempting to segregate out the claims against Home Depot and Citibank from the claims against the other defendants would create cumbersome logistics and may lead to inconsistent results since Plaintiff's credit standing was affected by all defendants. Thus, Plaintiff contends, the Court should not stay the action against Home Depot and Citibank because it would be impractical.

These contentions are not sufficient to deny the Motion. First, Plaintiff relies on authorities interpreting § 1281.2(c) of the California Code of Civil Procedure, not the Federal Arbitration Act. Plaintiff does not sufficiently show how Section 1281.2(c) would apply to the instant Arbitration Agreement, which is governed by South Dakota law. *See Stone & Webster, Inc. v. Baker Process, Inc.*, 210 F. Supp. 2d 1177, 1188 (S.D. Cal. 2002) (finding that Section 1281.2(c) does not apply where it was not incorporated into contract). Second, Plaintiff does not show how the cases against the various, unrelated defendants are so intertwined that a stay is impractical. Plaintiff challenges the handling and reporting of two separate accounts - an HSBC account and the Citibank Home Depot account. *See* Compl. ¶¶ 8-12.

### 4.    Waiver And Delay

Plaintiff contends that Defendants waived their right for arbitration because they engaged in debt collection activities prior to this action being filed by Plaintiff, and never advised Plaintiff of his

right to arbitration.  Plaintiff also asserts that compelling arbitration would cause an unnecessary delay.  However, Plaintiff cites to no evidence in support of these assertions, and provides no authority in support of these arguments.  The Court finds that these contentions do not provide sufficient grounds to find the Arbitration Agreement unenforceable.

> **5.    Summary**

In sum, Defendants have sufficiently shown the existence of an arbitration agreement that encompasses the claims at issue.  Plaintiff has failed to show that the Arbitration Agreement is unenforceable.  Thus, the Court will enforce the Arbitration Agreement.  *See Chiron Corp.*, 207 F.3d 1126 at 1130.